Fred J. Munder, J.
The plaintiff and defendant Joseph A. Yerdone were married at Brooklyn, New York, on September 17, 1933. On May 21, 1954 a judgment of separation was entered in Queens County in her favor. On September 25,1957 the defendant obtained a Mexican divorce against the plaintiff. He spent only a day or two in Mexico and that at the home of the sister of his Mexican attorney. He simply took a short vacation from his New York City employment, purchased a round-trip ticket to Mexico and returned to his New York home immediately after the entry of the Mexican divorce judgment. His wife, though served by mail with the Mexican process, did not appear in the action either personally or by attorney. On November 23, 1957, at Glen Rock, New Jersey, the defendant Yerdone married the defendant Dorothy Hamel. They have since continuously resided in New Jersey.
In the present action the defendant Yerdone was served with the summons and complaint personally in the City of New York, at his place of employment. The defendant Hamel was never served with process in this action but it is claimed that by her voluntary general appearance on a motion made on behalf of both defendants to dismiss the complaint, jurisdiction was conferred on the court. (Civ. Prac. Act, § 237.) Only the defendant, Yerdone, served an answer to the complaint.
In her complaint the plaintiff asks this court to declare the Mexican divorce judgment a nullity and also to dissolve and annul the New Jersey marriage of the defendants.
There is no difficulty with the first of these demands. There was not even a pretense of establishing a domicile in Mexico by the husband and no serious contention is here made that the Mexican judgment has any validity in New York State. The suggestion that plaintiff is estopped by failing to act promptly is wholly specious and the claim that a declaratory judgment is unnecessary because the separation judgment established the res or status (Presbrey v. Presbrey, 6 A D 2d 477) is without merit because, differently from the situation in the Presbrey case, here the separation judgment preceded the invalid Mexican divorce judgment. This, too, is the law of this case by the decision of Mr. Justice Cortland A. Johnson, made on the motion to dismiss the complaint on this very ground. It is clear, *972 then, as to the defendant Verdone, the other defendant not being a necessary party to this cause of action, that plaintiff is entitled to the judgment declaring the Mexican divorce judgment a nullity.
As to the second cause of action the former wife is a proper party plaintiff. (Civ. Prac. Act, § 1134.) Both parties to the second marriage are necessary parties defendant in the annulment action prosecuted by the former wife. Because the second marriage was solemnized in New Jersey and the parties to it have never had a matrimonial domicile elsewhere than in New Jersey the res or marriage status is within the realm of the judicial power'of that State. (Hubbard v. Hubbard, 228 N. Y. 81; Gray-Lewis v. Gray-Lewis, 5 A D 2d 238.)
Here the question arises whether the second wife, who was never served with process, has appeared generally in this action and thus voluntarily submitted to the jurisdiction of this court over her person and her marital status. The action for annulment being one in rem, an intentional voluntary appearance by her, whether formal or informal, would suffice to give the court jurisdiction over the res.
It is claimed by plaintiff that the second wife, jointly with the husband, moved to dismiss the complaint. An examination of the filed motion papers show that the notice of motion states that the motion was made on the affidavits of the husband and the second wife, but no affidavit of the second wife is annexed. In addition, though nowhere is there any specific declaration that the second wife appears in the action and no notice of appearance or answer was ever served or filed by or for her, the attorney subscribed the notice of motion as “ attorney for defendants ”.
To me this is too tenuous a base on which to hold that such subscription was an authorized appearance by this defendant. In view of the spirited resistance by the husband in this action it would appear more likely that there was no intentional or voluntary appearance made in this action by his second wife. The question of when one becomes an actor participating in the merits “is one largely of degree and the application of the rule must necessarily depend upon the facts ”. (Henderson v. Henderson, 247 N. Y. 428, 432.)
For this reason the second cause of action must be dismissed, though not on the merits.
On the application for additional compensation for plaintiff’s attorneys there has been no proof before me of the financial status of the husband or of his earning's. Under the eircum *973 stances the amount awarded on the prior motion will not be increased and the present motion is denied.
In summary, I hold: (a) that plaintiff is entitled to judgment, with costs, against the defendant, Joseph A. Verdone, on the first cause of action declaring the Mexican divorce judgment a nullity; (b) that the second cause of action, for annulment of the marriage between the defendants, Joseph A. Verdone and Dorothy Hamel, be and it is dismissed; (c) that the motion for additional counsel fee be and it is denied.
This will constitute the decision pursuant to section 440 of the Civil Practice Act.
Submit judgment accordingly.