OPINION OF THE COURT
Rolando T. Acosta, J.
Defendant moves for an order dismissing the complaint upon the ground that plaintiff in this personal injury action failed to file proof of service as required by CCA 409 (a). Alternatively, defendant moves to strike the notice of trial.
*382 Because of the contentions of the parties, defendant’s motion requires the court to consider the procedural consequences of a plaintiff’s failure to file proof of service in New York City Civil Court, as opposed to Supreme and County Court actions. Specifically, the court must resolve the question of whether a plaintiff’s failure to file proof of service warrants dismissal where defendant appears and answers the complaint in an action commenced in New York City Civil Court.
Contentions of the Parties
Defendant argues that this action should be dismissed because although plaintiff filed a summons and endorsed complaint on November 27, 1996, plaintiff has yet to file proof of service as required by CCA 409 (a). Defendant further argues that since filing proof of service is a precondition to commencing an action for the purposes of the Statute of Limitations, the action must be dismissed upon this ground as well (inasmuch as more than three years has elapsed since the claimed personal injury).
Although plaintiff’s counsel alleges that the “summons was sent out for service and that service was made,” plaintiff does not specify how service was effected and fails to annex a copy of the affidavit of service to his affirmation in opposition. Indeed, plaintiff now admits that the affidavit of service has been “misplaced” and does not deny that proof of service has never been filed with the clerk, as defendant alleges. Plaintiff argues nevertheless that these facts are legally insignificant because defendant appeared, answered the complaint and failed to assert in his answer an affirmative defense of lack of personal jurisdiction. Defendant’s appearance and answer, according to plaintiff, effected a waiver of the challenge to personal jurisdiction and relieved plaintiff of any duty to file proof of service. Plaintiff relies upon CPLR 320 (b) in support of his argument.[1]
Discussion
CCA 409 (a) (1) provides, in pertinent part, that “[a] copy of the summons with proof of service shall be filed with the clerk of the court in the county in which the action is brought * * * within fourteen days after service” (emphasis added). The foregoing statute, unlike the analogous statute applicable to *383 County and Supreme Court actions, creates a “mandatory filing system” for the New York City Civil Court, setting forth a definite time period within which proof of service must be filed. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 409, at 143-145; see, Lumberman’s Mut. Cas. Co. v Temco Serv. Indus., 209 AD2d 296 [1st Dept 1994].)
In light of the mandatory nature of CCA 409, defendant seeks dismissal of the action. Plaintiff does not dispute that he failed to file proof of service with the clerk of the court, but contends that compliance with the foregoing statute was somehow waived by the fact that defendant admittedly appeared and answered the complaint. Because the applicable statutory scheme (CCA art 4) supports neither dismissal of the action, nor a finding of a waiver, this court denies the motion to dismiss but holds that plaintiff is not released from his statutory obligation to file proof of service by virtue of defendant’s appearance and answer. Given the preliminary posture of this action (i.e., the fact that plaintiff has not yet filed the required proof of service), however, the court grants defendant’s motion to strike the notice of trial.
The statutory scheme of CCA article 4 sets forth the procedural mechanism to remedy a plaintiff’s complete failure to file the required proof of service. CCA 411 provides, in pertinent part: “Where a summons in an action * * * has not been filed within the time prescribed by law, the court may order the filing thereof nunc pro tunc. In such instance the time within which the other party must respond thereto shall commence de novo, and shall run from the service upon such other party of a copy of such order with notice of entry thereof.” Although the foregoing statute expressly refers only to the filing of the “summons” (as opposed to the filing of the proof of service), the remedial nature of the statute (i.e., the availability of a nunc pro tunc order) clearly encompasses both the filing of the summons and the filing of proof of service thereof. (See, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 411, at 149 [“If the plaintiff fails to file proof of service within the time required by § 409(a), the consequences of the failure are governed by (§ 411)”]; see also, Lumberman’s Mut. Cas. Co. v Temco Serv. Indus., 209 AD2d 296, supra; Revelstoke Props, v Beaumont Neckwear, 114 Misc 2d 545 [Civ Ct, NY County 1982]; Sears Roebuck & Co. v Austin, 60 Misc 2d 908, 909 [Civ Ct, NY County 1969].)
Thus, it is clear that when a plaintiff, like the plaintiff here, fails to file proof of service, or when he or she files it untimely, *384 such failure is curable by a nunc pro tunc order pursuant to CCA 411. Dismissal of the complaint — the remedy sought by defendant — is therefore not appropriate at this time. In short, as Professor Siegel explained in his Practice Commentaries to CCA 411, “[t]he failure to file proof of service is plainly not a jurisdictional defect.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 411, at 149.)
Significantly, the then-applicable predecessor statute to CPLR 306-b (L 1992, ch 216, § 7),[2] pursuant to which an action would be “deemed dismissed” if the plaintiff failed to file proof of service within 120 days of the filing of the summons and complaint (CPLR former 306-b [a]), does not, by its terms, apply to actions commenced in Civil Court. (See, CPLR former 306-b [entitled “Filing proof of service in an action commenced in supreme or county court”]; cf., Hallman v Horowitz, 160 Misc 2d 225 [Nassau Dist Ct 1994].) And defendant fails to cite any other authority — statutory or case law — which requires, or even permits, this court to dismiss the action on the ground that plaintiff has failed to file the proof of service. Accordingly, defendant’s motion to dismiss is denied.
Although plaintiff’s admitted failure to file proof of service does not warrant dismissal of the action, plaintiff is not, as he contends, released from his statutory obligation to file proof of service as a result of defendant’s appearance and answer. Unlike the predecessor statute to CPLR 306-b, which effectively excuses and renders inconsequential a plaintiff’s failure to file proof of service in Supreme and County Court actions when the defendant appears (ibid.; Lieber v Sette-Juliano Constr. Corp., 228 AD2d 419, 420 [2d Dept 1996]), the statutory scheme which governs this action, CCA 409 et seq., contains no such statutory release from the duty to file proof of service. Indeed, since the Legislature adopted a waiver-by-appearance provision in CPLR former 306-b and left the language in CCA 409 (a) intact, the conclusion is inescapable that the Legislature intended a defendant’s appearance to excuse the failure to file proof of service only in Supreme and County Court actions.
Nor is plaintiff’s failure to file proof of service in any way excused, as plaintiff contends, by CPLR 320 (b), which provides that an “appearance of the defendant is equivalent to personal *385 service of the summons upon him, unless an objection to jurisdiction * * * is asserted by motion or in the answer”. Although plaintiff is correct that defendant did not raise “an objection to jurisdiction” in his answer or by motion, plaintiff is simply wrong regarding the legal effect of that fact. Defendant in this case is objecting not to personal jurisdiction but to plaintiffs failure to comply with the mandatory filing requirements of CCA 409 — an omission which, as already noted, “is plainly not a jurisdictional defect.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 411, at 149.) Given the “objection” that is being raised by defendant, CPLR 320 (b) is inapposite and plaintiffs attempt to broaden the reach of the waiver provision therein is simply unavailing.
In any event, CCA 411 provides that should a court issue an order permitting plaintiff to file proof of service nunc pro tunc, defendant’s time to answer the summons and complaint “shall commence de novo, and shall run from the service upon [defendant] of a copy of such order”. Under these circumstances, it is way too premature to definitively determine what defenses or objections may have been waived by defendant’s initial answer.
In short, defendant’s appearance in this Civil Court action does not excuse plaintiffs failure to comply with the mandatory filing provision of CCA 409. Having failed to file the proof of service within the required 14 days {ibid.), plaintiff was obliged to seek a nunc pro tunc order. That is the only remedy offered by the statutory framework. (Lumberman’s Mut. Cas. Co. v Temco Serv. Indus., 209 AD2d 296, supra.)
In this case, plaintiff has not expressly sought a nunc pro tunc order pursuant to CCA 411 and the court declines to issue such an order sua sponte since plaintiff has failed to annex a copy of the proof of service to his opposition papers. Plaintiff may, of course, seek such an order in the future upon submission of the proper proof. In the meantime, defendant’s motion to strike the notice of trial is granted given the preliminary posture of the case.
Finally, given the prospect of a nunc pro tunc order and the absence of any factual allegation regarding how defendant may have been served — an allegation which may determine the completion-of-service date {see, CCA 410, 402 [a], [b]), and thus the commencement date of the action {see, CPLR 203 [b] [1]) — it is impossible to address that undeveloped portion of defendant’s argument seeking dismissal pursuant to the Statute of Limitations. Accordingly, to the extent that defendant is formally moving to dismiss pursuant to the Statute of Limitations, that *386 motion is denied with leave to renew upon a more complete briefing of all the relevant issues (i.e., the manner of service, the commencement date, any alleged tolling, etc.) (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 411, at 149).
In conclusion, defendant’s motion to dismiss is denied, defendant’s motion to strike the notice of trial is granted, and defendant is granted leave to renew his motion to dismiss pursuant to the Statute of Limitations. Plaintiff is also granted leave to move for a nunc pro tunc order.

. Because the court’s resolution of the filing issue effectively disposes of the motion to strike the notice of trial, there is no need to set forth the parties’ discovery-related contentions with respect to that motion.

. The predecessor statute to CPLR 306-b was repealed and a new version enacted, effective January 1, 1998 (L 1997, ch 476, § 1). The new statute eliminates both the “deemed dismissed” feature of the repealed version, as well as the requirement that proof of service be filed within the 120-day time period as a condition to survival of the action. (Ibid.)