■ CITY OF ALBANY, Appellant, v WILLIAM WISE, Respondent. (And 38 Other Related Actions.) [750 NYS2d 653] —Peters, J. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered September 21, 2001 in Albany County, which, upon joinder of all 39 actions, inter alia, granted defendant William Wise's motion to dismiss the actions for lack of jurisdiction.

In May 2000, plaintiff commenced 24 actions in Supreme Court and 15 actions in the Albany City Court against defendants, 39 permanently disabled firefighters seeking to recover alleged overpayments of disability benefits made pursuant to General Municipal Law § 207-a. The 24 Supreme Court actions were commenced by the filing of a summons with notice in the Albany County Clerk's office. Although seeking to effect personal service by mail pursuant to CPLR 312-a, plaintiff instead mailed the summons with notice by certified mail, return-receipt requested, thereby failing to comply with the statutory requirement of first class mailing. It further failed to include the acknowledgment of receipt form or a self-addressed postage paid envelope for its return. With service improper, none of the Supreme Court defendants appeared in the action. The 15 City Court actions were commenced by personal service of a summons with notice. In June 2000, it is contended that the City Court defendants appeared and served demands for complaints. No such complaints were furnished and no further efforts were made to prosecute the actions.

In April 2001, counsel for defendant William Wise moved in Supreme Court seeking, inter alia, to have the City Court actions removed to the Supreme Court for consolidation and, thereafter, dismissed for lack of personal jurisdiction and a failure to prosecute. While plaintiff did not object to the removal of the City Court actions, it advocated joinder rather than consolidation and opposed dismissal. Plaintiff also cross-moved for an order extending its time to serve the Supreme

Court defendants under CPLR 306-b and for an order permitting the filing of proof of service in the City Court actions nunc pro tunc under UCCA 411. While Supreme Court removed the City Court actions and found that joinder rather than consolidation was appropriate, it thereafter denied plaintiff's request to serve late process upon the Supreme Court defendants and thus dismissed those actions for lack of personal jurisdiction. The court further concluded, with respect to the City Court actions, that the failure to have provided complaints after due demand did not warrant an exercise of its discretion to permit late service; implicitly, it denied the motion to permit the filing of proof of service nunc pro tunc (*see Geloso v Monster*, 289 AD2d 746, 747, *lv denied* 98 NY2d 601). Plaintiff appeals.

Addressing the dismissal of the Supreme Court actions, plaintiff contends that the request for an extension of time to serve those defendants under the interest of justice standard (*see* CPLR 306-b) should have been granted, since they had actual notice of the commencement of the actions, they were aware of plaintiff's intention to recoup the alleged overpayments as early as October 1997 and because some of the statutes of limitations for recoupment had already expired. We disagree.

In *Leader v Maroney, Ponzini & Spencer* (97 NY2d 95), the Court of Appeals articulated that a determination as to whether to grant an extension of time under the interest of justice standard of CPLR 306-b is a discretionary determination requiring: "a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (*id.* at 105-106; *see also Della Villa v Kwiatkowski*, 293 AD2d 886, 887). Applying such standard to the instant record, we are unable to find an abuse of discretion. Plaintiff wholly failed to proffer any discernable explanation for its failure to timely serve these defendants or for waiting until eight months after the 120-day period expired before requesting the extension (*see* CPLR 306-b). Instead, the request was seemingly prompted by the motion to dismiss without any demonstration of merit.

We also find the dismissal of the City Court actions to have been entirely proper. Reviewing the basis articulated for dismissal by Supreme Court, we agree that plaintiff failed to comply with the City Court defendants' demands for complaints pursuant to CPLR 3012 (b); no excuse was offered for the protracted and continuing delay and no merit was shown to support these claims. For all of these reasons, the dismissal of such complaints for the neglect to prosecute was a proper exercise of discretion (*see* CPLR 3012 [d]; *Wright v Farlin*, 42 AD2d 141, 143, *appeal dismissed* 33 NY2d 657). In so finding, we also agree with the court's discretionary determination not to order a filing of the proofs of service nunc pro tunc. While typically a failure to have filed proof of service would not rise to a jurisdictional defect (*see Pierno v Adames*, 179 Misc 2d 381, 384; *see also* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, CCA 411, at 149), there exists a viable contention that jurisdiction was nonetheless impaired by plaintiff's failure to have properly commenced the actions due to the facial defects on the summons (*see Union Hosp. of Bronx v Henry*, 132 Misc 2d 1049), the failure to have purchased index numbers or of having filed either the summons as required by 22 NYCRR 210.4 or proof of service as required by 22 NYCRR 210.6. For these reasons, despite plaintiff's contention that there was a failure of several City Court defendants to have filed an appearance thereby warranting a default judgment, we agree with the court's discretionary determination to dismiss the actions.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.