■ In the Matter of LEE PALMATEER, Appellant, v GREENE COUNTY INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents. [831 NYS2d 604]—

Rose, J. Appeal from an order and judgment of the Supreme Court (Ferradino, J.), entered July 7, 2006 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted certain respondents' motions to dismiss the petition.

Petitioner is a resident of Greene County and a member of respondent Board of Education of the Coxsackie-Athens Central School District. On June 21, 2005, over petitioner's sole dissenting vote, the Board approved a Taxing Authority Allocation Agreement with respondent Greene County Industrial Development Agency (hereinafter IDA). This agreement provided that a percentage of respondent Coxsackie-Athens Central School District's share of certain payments in lieu of taxes (hereinafter PILOTs) would be paid to the IDA. By filing a petition on October 21, 2005, petitioner commenced this CPLR article 78 proceeding seeking a judgment annulling the Board's approval of the Agreement. However, he did not make service upon respondents until mid-February 2006, after he filed an amended pleading adding a declaratory judgment action. The IDA, the Board, the School District and respondent County of Greene (hereinafter collectively referred to as respondents) then moved to dismiss the amended pleading based on, among other things, untimely service. Petitioner cross-moved for an extension of time to serve and bifurcation of the CPLR article 78 proceeding and the action. Supreme Court found service to be untimely, denied an extension and granted respondents' motions. Petitioner appeals.

Initially, we note that petitioner commenced his CPLR article 78 proceeding on the last day before expiration of the applicable four-month statute of limitations (see CPLR 217 [1]) and he did not make service upon any respondent until nearly four months later, far beyond the 15-day period for service provided by CPLR 306-b. However, CPLR 306-b also permits the court to extend the 15-day time period for service "upon good cause shown or in the interest of justice." Unable to show "good cause" because he offered no explanation for his failure to make timely service, petitioner contends that he should have been given an exten-

sion of time in the interest of justice because respondents have not been prejudiced and his claims have merit. We, however, are unable to conclude that Supreme Court abused its discretion in denying him such an extension under the circumstances here.

While the interest of justice standard permits the trial court to consider factors in addition to an applicant's diligence (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]; *de Vries v Metropolitan Tr. Auth.*, 11 AD3d 312, 313 [2004]), we find that only one relevant factor—the expiration of the statute of limitations—weighs in petitioner's favor.* Most significantly, we are not persuaded that his claims have merit. General Municipal Law § 858 permits a less than full allocation of PILOTs where the taxing jurisdictions agree, as they did here (*see Matter of Glens Falls City School Dist. v City of Glens Falls Indus. Dev. Agency*, 196 AD2d 334, 338 [1994]). In addition, petitioner has not shown that there has been a violation of General Municipal Law § 51, which permits taxpayers to sue public officials " 'only when the acts complained of are fraudulent, or a waste of public property in the sense that they represent a use of public property or funds for entirely illegal purposes' " (*Mesivta of Forest Hills Inst. v City of New York*, 58 NY2d 1014, 1016 [1983], quoting *Kaskel v Impellitteri*, 306 NY 73, 79 [1953], *cert denied* 347 US 934 [1954]). Here, despite petitioner's contention to the contrary, there is no illegal gift to a private party because the disputed portion of the School District's share of the PILOTs will be paid to the IDA, a public benefit corporation, to help achieve a substantial public purpose (*see Tribeca Community Assn. v New York State Urban Dev. Corp.*, 200 AD2d 536, 537 [1994], *appeal dismissed* 83 NY2d 905 [1994], *lv denied* 84 NY2d 805 [1994]; *Jo & Wo Realty Corp. v City of New York*, 140 Misc 2d 154, 160 [1988], *affd* 157 AD2d 205 [1990], *affd* 76 NY2d 962 [1990]; *see also Matter of La Barbera v Town of Woodstock*, 29 AD3d 1054, 1056 [2006], *appeal dismissed* 7 NY3d 844 [2006]). The benefit such payments will provide to the businesses being located within the industrial parks being developed by the IDA is merely incidental to the public benefit (*see Lavin v Klein*, 12 AD3d 244, 245 [2004], *appeal dismissed* 4

---

* There is no dispute that petitioner's CPLR article 78 claims are now time-barred. Since petitioner's declaratory judgment causes of action are based on the same administrative action and seek the same relief as in his CPLR article 78 petition, namely annulment of the Board's approval of the Agreement, the four-month statute of limitations is applicable to those claims as well and would bar them if they were reasserted after dismissal (*see New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 201 [1994]; *Matter of Riverkeeper, Inc. v Crotty*, 28 AD3d 957, 959 [2006]; *Trager v Town of Clifton Park*, 303 AD2d 875, 876 [2003]).

NY3d 794 [2005], *lv denied* 4 NY3d 710 [2005]). Thus, the factor of merit does not support an extension of time.

Moreover, the factor of prejudice cannot be said to favor petitioner, because he merely denies in a conclusory manner that respondents will be prejudiced by the delay. The remaining factors of petitioner's complete lack of diligence as well as his unexplained delay in both making service and seeking an extension of time all support Supreme Court's ruling (*see Slate v Schiavone Constr. Co.*, 4 NY3d 816, 817 [2005]; *Leader v Maroney, Ponzini & Spencer, supra* at 107; *Della Villa v Kwiatkowski*, 293 AD2d 886, 887 [2002]; *Carbonaro v Maimonides Med. Ctr.*, 289 AD2d 437, 438 [2001], *lv dismissed* 98 NY2d 642 [2002]; *cf. de Vries v Metropolitan Tr. Auth., supra* at 313). In light of this, the parties' remaining arguments are academic.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the order and judgment is affirmed, without costs.