■ SINGER ASSET FINANCE COMPANY, LLC, Appellant, v THOMAS L. SCOTT, Respondent, et al., Defendant. [832 NYS2d 326]—

Crew III, J.P. Appeal from an order and judgment of the Supreme Court (Ceresia, Jr., J.), entered January 27, 2006 in Rensselaer County, which, inter alia, denied plaintiff's motion for summary judgment.

Defendant Thomas L. Scott (hereinafter defendant) is the recipient of certain payments under a structured settlement agreement created by court order in 1982. In order to effectuate payment of such settlement, an annuity contract was purchased from defendant INA Life Insurance Company of New York, now known as Cigna Life Insurance Company of New York (hereinafter Cigna).

In September 1999, defendant entered into an agreement with Merrick Bank Corporation, whereby defendant borrowed $49,750 from Merrick, together with interest thereon, agreeing that such loan would be repaid from two lump-sum payments due under his structured settlement—specifically, $30,000 due on April 14, 2001 and $50,000 due on April 14, 2004. Merrick, in turn, assigned its interest in the loan agreement to plaintiff.[1]

Although not entirely clear from the record, it appears that the first scheduled payment of $30,000 was made to plaintiff. When the second payment was not forthcoming, plaintiff commenced this action against defendant and Cigna setting forth causes of action sounding in breach of contract, conversion and unjust enrichment and seeking certain declaratory and injunctive relief. Cigna answered but defendant failed to answer or otherwise appear.

Plaintiff thereafter moved for a default judgment against defendant and for summary judgment against Cigna with respect to the declaratory and injunctive relief sought. Supreme Court

---

1. We note in passing that such assignments now are heavily scrutinized under the Structured Settlement Protection Act (General Obligations Law, art 5, tit 17; *see Singer Asset Fin. Co., LLC v Melvin*, 33 AD3d 355 [1st Dept 2006]).

partially granted plaintiff's motion for a default judgment, finding that plaintiff was entitled to an award based upon unjust enrichment, but denied the balance of the relief sought against defendant and Cigna, holding that the loan agreement between plaintiff and defendant was unenforceable and, therefore, the causes of action based upon such agreement must fail. This appeal by plaintiff ensued.[2]

We affirm. The crux of plaintiff's argument on appeal is that there is nothing in the structured settlement agreement that precludes defendant from assigning his right to receive such payments to plaintiff and, therefore, Supreme Court erred in concluding that the underlying loan agreement was unenforceable. Specifically, plaintiff contends that "[t]here simply is no language in any document in record for the original structured settlement that contains any non-assignment language." As Supreme Court aptly observed, however, neither the original settlement order, the underlying settlement agreement nor the original annuity contract are contained in the record on appeal, thereby rendering plaintiff's assertions on this point somewhat disingenuous.[3] Indeed, the only document that sheds any appreciable light upon whether defendant's annuity payments were assignable is a change of address form completed by defendant in October 1999, wherein defendant acknowledges that "under the terms of this settlement annuity contract, I do not have any rights to accelerate, assign or transfer my interest in any such payments." Given plaintiff's burden on the respective motions, and in light of the fact that it did not tender sufficient documentary evidence to conclusively resolve the disputed issue in its favor, we cannot say that Supreme Court erred in concluding that plaintiff lacked a valid and enforceable contract with defendant and, hence, in denying relief as to those causes of action based upon the asserted contract.

To the extent that plaintiff now argues that defendant waived the protection of any nonassignment language that may have existed in the structured settlement agreement, we need note only that plaintiff failed to raise this argument before Supreme Court (see Dinneny v Allstate Ins. Co., 295 AD2d 797, 799 [2002]). Plaintiff's remaining contentions have been examined and found to be lacking in merit.

---

2. This Court granted a stay prohibiting Cigna from making payments to defendant during the pendency of this appeal. Cigna has advised this Court that it is taking no position on plaintiff's appeal, and defendant has failed to file a brief.

3. Although plaintiff did tender an order dated September 7, 1982 approving the settlement, that order makes specific reference to a prior order dated August 18, 1982, which approved the compromise and final settlement in the underlying action.

Peters, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order and judgment is affirmed, without costs.