■ In the Matter of ANONYMOUS, Appellant, v NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES et al., Respondents. [862 NYS2d 392]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered September 27, 2006 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Petitioner, the mother of two children, was the subject of an anonymous hotline report to child protective services following an incident with her youngest child at a ski resort. The allegation of maltreatment was investigated and determined to be unfounded. Petitioner thereafter requested that her name be expunged from the State Central Register of Child Abuse and Maltreatment. The request was denied by respondent Office of Children and Family Services on April 25, 2005.

Petitioner commenced this CPLR article 78 proceeding seeking a judgment annulling this determination. Respondents moved to dismiss the petition on the ground that petitioner had failed to effectuate service within the mandatory time frame set forth in CPLR 306-b. Petitioner then cross-moved for an extension of time to effectuate service. In the cross motion, petitioner's attorney maintained that a three-month delay in service was the result of a misreading of the statute and that an additional five-month delay in requesting an extension of time was the result of uncertainty that respondents would raise the issue. Supreme Court granted the motion to dismiss and denied the cross motion. This appeal ensued.

We are unable to conclude that Supreme Court, upon its consideration of the appropriate factors (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]), abused its discretion in denying petitioner's cross motion for an extension of time "in the interest of justice" within which to effectuate service (CPLR 306-b; *see Leader v Maroney, Ponzini & Spencer*, 97 NY2d at 106-107; *Maiuri v Pearlstein*, 53 AD3d 816 [2008] [decided herewith]; *Matter of Palmateer v Greene County Indus. Dev. Agency*, 38 AD3d 1087, 1088 [2007]; *Della Villa v Kwiatkowski*, 293 AD2d 886, 887 [2002]). Petitioner commenced this proceeding one day before the applicable statute of limitations was to expire (*see* CPLR 217 [1]) and, despite the mandate of CPLR 306-b, petitioner did not effectuate service until December 14, 2005.

Notably, petitioner's attorney learned on December 3, 2005 that the time to serve the petition had long since expired. Despite this knowledge, no motion was made at this time for an extension of time to effectuate service (*compare Mead v Singleman*, 24 AD3d 1142, 1143 [2005]). Three days later, petitioner

sought an order from Supreme Court sealing the proceedings, yet failed to include a request for an extension of time to effectuate service. Rather, five months passed before such a request was made on May 8, 2006 and then only in response to respondents' motion to dismiss (*see City of Albany v Wise*, 298 AD2d 783, 784 [2002]). The rationale for this delay—an unrealistic hope that respondents would ignore the defect—is unavailing.

Under these circumstances, there exists neither reasonably diligent efforts at service initially nor a prompt request for an extension of time (*see Leader v Maroney, Ponzini & Spencer, supra*; *Della Villa v Kwiatkowski, supra*). Moreover, while the statute of limitations has indeed expired (*see Maiuri v Pearlstein, supra*; *Matter of Palmateer v Greene County Indus. Dev. Agency*, 38 AD3d at 1089), we are unpersuaded that petitioner's claim has demonstrated merit (*see id.*). In short, her written submissions do not rise to the level of clear and convincing evidence to affirmatively refute the allegation of maltreatment (*see* Social Services Law § 422 [5] [c]).

Cardona, P.J., Peters, Rose and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.