■ MARCY MAIURI, Appellant, v GARY E. PEARLSTEIN, Respondent, et al., Defendant. [862 NYS2d 394]—

Carpinello, J. Appeal from an order of the Supreme Court (Lalor, J.), entered September 25, 2007 in Greene County, which, among other things, granted defendant Gary E. Pearlstein's motion to dismiss the complaint against him.

In this action commenced by the filing of a summons with notice on November 17, 2006, plaintiff alleges that defendant Gary E. Pearlstein committed medical malpractice when he operated on the wrong surgical site during a June 2, 2004 excisional biopsy at defendant Columbia Memorial Hospital requiring a second surgical procedure on June 21, 2004. An affidavit of service indicates that plaintiff's process server served Pearlstein on March 5, 2007 by serving an individual in the human resources office of the hospital who represented that she was authorized to accept service on his behalf.[1] Notwithstanding the dispute over whether this person was so authorized, it is undisputed that plaintiff thereafter failed to timely file proof of service with the appropriate County Clerk and failed to mail a copy of the summons with notice to Pearlstein as required by CPLR 308 (2).

Ultimately, Pearlstein appeared, demanded a complaint, served an answer containing an affirmative defense based on lack of personal jurisdiction and then moved to dismiss the complaint pursuant to CPLR 3211 (a) (8) on the ground that plaintiff failed to effectuate service within the mandatory time frame set forth in CPLR 306-b. Plaintiff cross-moved for an extension of time to effectuate service. Supreme Court granted the motion to dismiss and denied the cross motion. This appeal ensued.

We are unable to conclude that Supreme Court, upon its consideration of the appropriate factors (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106 [2001]), abused its discretion in denying plaintiff's cross motion for an extension of

---

1. Pearlstein denies that this particular individual was so authorized.

time "in the interest of justice" within which to effectuate service (CPLR 306-b; *see Leader v Maroney, Ponzini & Spencer*, 97 NY2d at 106-107; *Matter of Anonymous v New York State Off. of Children & Family Servs.*, 53 AD3d 810 [2008] [decided herewith]; *Matter of Palmateer v Greene County Indus. Dev. Agency*, 38 AD3d 1087, 1088-1089 [2007]; *Della Villa v Kwiatkowski*, 293 AD2d 886, 887 [2002]). In addition to the errors in complying with the service requirements of CPLR 308 (2) (*see Matter of Anonymous v New York State Off. of Children & Family Servs., supra*), most notably the failure to mail a copy of the summons with notice to Pearlstein,[2] plaintiff has not demonstrated the existence of a meritorious cause of action (*see Matter of Palmateer v Greene County Indus. Dev. Agency, supra; City of Albany v Wise*, 298 AD2d 783, 784 [2002]). Thus, notwithstanding the expiration of the statute of limitations (*see Matter of Anonymous v New York State Off. of Children & Family Servs., supra; Matter of Palmateer v Greene County Indus. Dev. Agency*, 38 AD3d at 1089), we cannot say that Supreme Court's decision to grant the motion to dismiss was an improvident exercise of discretion (*see Matter of Anonymous v New York State Off. of Children & Family Servs., supra; Matter of Palmateer v Greene County Indus. Dev. Agency, supra; Della Villa v Kwiatkowski, supra*).

Cardona, P.J., Peters, Spain and Stein, JJ., concur. Ordered that the order is affirmed, with costs.

---

2. Following the expiration of the 20-day filing deadline outlined under CPLR 308 (2), plaintiff's counsel discovered on his own that the affidavit was filed with the wrong County Clerk and therefore took steps to rectify this particular error. The additional error in service—the failure to mail a copy of the summons with notice to Pearlstein—went undetected.