██ CHARLES E. HINE et al., Appellants, v JULIE ANN BAMBARA et al., Respondents. [889 NYS2d 685]—

Garry, J. Appeal from a judgment of the Supreme Court (Tait, J.), entered October 20, 2008 in Tioga County, which, among other things, granted defendants' motions to dismiss the complaint.

This medical malpractice action arises out of allegedly negligent treatment and postoperative care received by plaintiff Charles E. Hine in January and February 2005. Hine and his wife, derivatively, filed a summons with notice on July 10, 2007. On November 6, 2007, plaintiffs filed a complaint and certificate of merit and mailed copies of the summons and complaint to the Broome County Sheriff for service. The summons with notice and complaint were served upon defendants Julie Ann Bambara and United Medical Associates, P.C. on November 13, 2007, and upon defendant Isaac I. Matta on November 16, 2007. Defendants United Health Services Hospitals, Inc. and Wilson Memorial Regional Medical Center were served with the summons with notice on November 14, 2007. Defendants moved to dismiss the action on the ground, among other things, that service was not completed within 120 days after the filing of the summons with notice as required by CPLR 306-b and that no certificate of merit was served as required by CPLR 3012 (a). Plaintiffs cross-moved for an extension of time to serve the summons and complaint. Supreme Court granted defendants' motions and denied the cross motion. Plaintiffs now appeal.

CPLR 306-b provides that "[i]f service is not made upon a defendant within the [120-day period] provided in this section, the

court, upon motion, shall dismiss the action without prejudice . . . or upon good cause shown or in the interest of justice, extend the time for service." Plaintiffs contend that Supreme Court abused its discretion in finding an insufficient basis to extend the time for service in the interest of justice. Determining whether to grant an extension on this ground "requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105 [2001]). A plaintiff who seeks such an extension is not required to establish that diligent efforts to effect timely service were made, but diligence may be considered "along with any other relevant factor . . . including expiration of the [s]tatute of [l]imitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (*id.* at 105-106; *see Matter of Palmateer v Greene County Indus. Dev. Agency*, 38 AD3d 1087, 1089 [2007]; *Mead v Singleman*, 24 AD3d 1142, 1144-1145 [2005]). No single factor is conclusive (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d at 106), and the court's determination will not be overturned absent an abuse of discretion (*see City of Albany v Wise*, 298 AD2d 783, 784 [2002]).

Here, service was required to be made on defendants no later than November 7, 2007, 120 days after the summons with notice was filed. The complaint was neither filed nor provided to the Sheriff for service, however, until one day before the time expired, and defendants were not served until seven to nine days thereafter. There is no indication that any earlier attempts at service took place, nor has there been any explanation for the delay. Plaintiffs did not request an extension of time for service until May 2008, six months after the 120-day period expired and after defendants had moved for dismissal (*see id.* at 784). Finally, the existence of a meritorious cause of action has not been established. In this regard, the redacted portion of a report attributed to an unidentified medical expert, submitted by plaintiffs with their cross motion, was unsigned and unsworn and therefore lacked probative value (*see Bright v McGowan*, 63 AD3d 1239, 1241 [2009]). Under these circumstances, despite the expiration of the statute of limitations, we find no abuse of discretion in Supreme Court's determination (*see* CPLR 306-b; *Maiuri v Pearlstein*, 53 AD3d 816, 817 [2008]). Plaintiffs' additional contention that defendants waived their objections to untimely service has not been considered because it was not raised before Supreme Court (*see Singer Asset Fin. Co., LLC v Scott*, 38 AD3d 1120, 1121 [2007]; *Dinneny v Allstate Ins. Co.*, 295 AD2d 797, 799 [2002]).

Cardona, P.J., Mercure, Spain and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, with one bill of costs.