## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  January 5, 2017            522183
_____

PAVEL KOMANICKY,
                    Appellant,

        v                              MEMORANDUM AND ORDER

SALIM G. CONTRACTOR et al.,
                    Respondents.
_____


Calendar Date:  November 18, 2016

Before:  Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ.

                    _____


        Catherine E. Stuckart, Binghamton, for appellant.

        Levene Gouldin & Thompson, LLP, Vestal (Margaret J. Fowler of counsel), for Salim G. Contractor and another, respondents.

        Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Robert A. Rausch of counsel), for Chief Executive Officer Albany Medical College Faculty Group Practice and others, respondents.

        Carter, Conboy, Case, Blackmore, Maloney & Laird, PC, Albany (Mackenzie C. Monaco of counsel), for Gary Siskin, respondent.

                    _____


Peters, P.J.

        Appeal from an order of the Supreme Court (Lebous, J.), entered August 10, 2015 in Broome County, which granted defendants' motions to dismiss the complaint.

        Plaintiff commenced this medical malpractice action against defendants stemming from allegedly negligent treatment and care he received in May and June 2011.  In lieu of answering,

defendants moved to dismiss the complaint on the basis of, among other things, lack of personal jurisdiction. Supreme Court granted the motions, and plaintiff appeals.

The sole issue on this appeal is whether Supreme Court properly dismissed the complaint for lack of personal jurisdiction. Plaintiff first attempted to effectuate service upon defendants by mail pursuant to the alternative service method set forth in CPLR 312-a. Service pursuant to this method, however, is complete only if the defendant signs and returns the acknowledgment of receipt form (see CPLR 312-a [b]; Cordero v Barreiro-Cordero, 129 AD3d 899, 900 [2015], lv dismissed 26 NY3d 1030 [2015]; Strong v Bi-Lo Wholesalers, 265 AD2d 745, 746 [1999]; Dominguez v Stimpson Mfg. Corp., 207 AD2d 375, 375 [1994]; Matter of Shenko Elec. v Harnett, 161 AD2d 1212, 1213 [1990]), which was not done here by any of the 16 named defendants. Accordingly, plaintiff was required to effect service in another manner (see Dominguez v Stimpson Mfg. Corp., 207 AD2d at 375; Matter of Shenko Elec. v Harnett, 161 AD2d at 1213). His subsequent attempt to effect service of the summons and notice by personal delivery was likewise ineffectual, as such service did not occur within 120 days of the filing of the summons and notice (see CPLR 306-b) and, further, was not followed up by an additional mailing of those documents within 20 days (see CPLR 308 [2]). Thus, plaintiff failed to serve any of the defendants in the manner required by law.

To the extent that plaintiff's papers in opposition to the motions can be read as requesting an extension of time to serve defendants pursuant to CPLR 306-b, such affirmative relief should have been sought by way of a cross motion on notice (see CPLR 2215; Matter of Ontario Sq. Realty Corp. v LaPlant, 100 AD3d 1469, 1469 [2012]; Lee v Colley Group McMontebello, LLC, 90 AD3d 1000, 1000-1001 [2011]; DeLorenzo v Gabbino Pizza Corp., 83 AD3d 992, 993 [2011]; Rinaldi v Rochford, 77 AD3d 720, 720 [2010]). In any event, plaintiff did not demonstrate the existence of facts that would support the granting of such relief. Supreme Court properly found that plaintiff had not shown good cause for an extension of time (see Navarrete v Metro PCS, 137 AD3d 1230, 1231 [2016]; Mead v Singleman, 24 AD3d 1142, 1143-1144 [2005]) and, upon our careful consideration of the appropriate factors

(see <u>Leader v Maroney, Ponzini & Spencer</u>, 97 NY2d 95, 105-106 [2001]), we are unpersuaded that the time for service should have been extended "in the interest of justice" (CPLR 306-b).  In addition to plaintiff's lack of diligence in attempting to effectuate service within the time period prescribed by CPLR 306-b (see <u>Leader v Maroney, Ponzini & Spencer</u>, 97 NY2d at 105; <u>Hine v Bambara</u>, 66 AD3d 1192, 1193 [2009]), his purported "request" for an extension of time for service, even if it may be deemed as such, was made more than 15 months after the 120-day period had expired and only after defendants had moved for dismissal (see <u>Hine v Bambara</u>, 66 AD3d at 1193; <u>Matter of Anonymous v New York State Off. of Children & Family Servs.</u>, 53 AD3d 810, 811-812 [2008], <u>lv denied</u> 11 NY3d 709 [2008]; <u>City of Albany v Wise</u>, 298 AD2d 783, 784 [2002]).  Moreover, the existence of a meritorious cause of action has not been established.  Under these circumstances, we find no basis upon which to disturb Supreme Court's determination (see <u>Deep v Boies</u>, 121 AD3d 1316, 1323-1324 [2014], <u>lv denied</u> 25 NY3d 903 [2015]; <u>Hine v Bambara</u>, 66 AD3d at 1193; <u>Matter of Anonymous v New York State Off. of Children & Family Servs.</u>, 53 AD3d at 812; <u>Maiuri v Pearlstein</u>, 53 AD3d 816, 817 [2008]; <u>City of Albany v Wise</u>, 298 AD2d at 784).

McCarthy, Egan Jr. and Lynch, JJ., concur.


ORDERED that the order is affirmed, with one bill of costs.


ENTER:

Robert D. Mayberger
Clerk of the Court