OPINION OF THE COURT
Richard A. Dollinger, J.
Sometimes, the tables are turned in matrimonial litigation and a court, applying the usual rules, lands in a proverbial pickle with little guidance from prior judicial review. An unusual set of facts triggers that topsy-turvy dilemma in this instance.
In this matter, the wife commenced a divorce action on October 28, 2011, by filing a summons with notice. (CPLR 304 [a].) The wife was represented by counsel at the time. In December of that year, the wife left the marital residence. It is undisputed that the husband knew that an action for divorce had been commenced as of late December 2011. The husband began to pay maintenance in January 2012. The summons was not served until June 28, 2012, 10 months after the filing. There is no evidence that the husband, after service of the summons, filed a notice of appearance and/or demanded a complaint. Nonetheless, he continued to pay maintenance and other expenses.
Almost three years after service of the summons, in September 2014, the plaintiff wife served a verified complaint. The defendant husband eventually retained counsel and, nearly three months thereafter, and three years after the action was commenced, the husband’s counsel served a notice of appearance. Husband’s counsel then began negotiations with wife’s counsel, and the husband continued to pay maintenance and child support. The husband never served an answer.
The wife then changed counsel and the new attorney commenced a second divorce action on June 3, 2015. Husband’s counsel filed a notice of appearance in the new action. Since that date, the attorneys for both parties have discussed settlement of the matter. Importantly, in the four years between the filing of the original action, and the second action, the husband *610 paid maintenance and made contributions to his retirement accounts.
Now, more than five years after she commenced this action, the wife moves to dismiss her 2011 action because she, through her then-counsel, failed to comply with the time limitations for service of the summons with notice required by CPLR 306-b. Before analyzing the scant law on this question, the court notes that changing the date of commencement impacts the obligations of the parties. Under the Domestic Relations Law, the critical date for valuing “marital property” is “the date of commencement of the action.” (Domestic Relations Law § 236 [B] [4] [b].) If the first action is dismissed, “the date of commencement” is moved back nearly four years and assets accumulated by the husband or the wife after the commencement of the original action (and before the second) would be “marital property” subject to equitable distribution. This change in dates for determining marital property could also impact valuations of accumulated real property (including pay downs of mortgages or other debts), contributions to retirement accounts, and perhaps impact the nature and extent of maintenance.
Facing this conundrum, the court has an abundance of legal authority on the consequences of the failure to serve a party within the time limits set by CPLR 306-b. The rule requires that the summons be served within 120 days of its filing unless a plaintiff makes an application for an extension to the courts. (Vasquez v Ortiz, 2015 NY Slip Op 30503 [U] [Sup Ct, NY County 2015]; Komanicky v Free, 49 Misc 3d 1203[A], 2015 NY Slip Op 51385[U] [Sup Ct, Broome County 2015].) It is undisputed that the 2011 summons was not served within the statutory time limits. There is no evidence that the plaintiff ever requested an extension of time to serve the summons. A decision to extend the time would, upon appropriate motion, be in the court’s discretion, as a result of a 1997 amendment to the rule. (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101 [2001].) Importantly, the terms of any extension include the “interest [s] of justice,” and while the statute suggests that a motion to extend the time for service should be made within the 120-day period, there is no statutory command that it must be brought within that time frame. (Brown v Sanders, 142 AD3d 940, 941 [2d Dept 2016] [the plaintiff failed to demonstrate that an extension of time was warranted in the interest of justice]; but see Komanicky v Contractor, 146 AD3d 1042, 1044 [3d Dept 2017] [“request” for an extension of time for ser *611 vice, even if it may be deemed as such, denied because it was made more than 15 months after the 120-day period had expired]; Shelkowitz v Rainess, 57 AD3d 337, 337 [1st Dept 2008] [“interest of justice” extension denied where plaintiff did not seek such relief until 20 months after the action was commenced]; Country-Wide Ins. Co. v Shi Zhang Chan, 2016 NY Slip Op 32151[U], *6 [Sup Ct, NY County 2016] [two-year delay in service is “extreme delay” and no extension granted].)
In this instance, the wife seeks to dismiss her complaint because, she argues, the failure to serve the original summons strips this court of jurisdiction. CPLR 306-b authorizes the dismissal of an action if service is not accomplished within the 120 days. The plaintiff suggests that this language creates the option on her part to dismiss her own action because of noncompliance with the time limits. In support of this proposition, the wife cites Leader v Maroney, Ponzini & Spencer (97 NY2d 95, 101 [2001]) and two other appellate decisions. But, in Leader v Maroney, the Court of Appeals simply examined whether the lower courts had properly granted or denied extensions under the rule. None of the cited cases establish the proposition that a party’s failure to serve its complaint, when the defendant has already responded in the litigation, grants the plaintiff a right to dismiss their own complaint because the court lacks jurisdiction.
In parsing this rule, what is unmistakable is that the time limitations in rule 306-b are designed exclusively to protect the “defendant” from the consequences of a failure to be served with the plaintiff’s initial pleading in a pending action. The statute expressly uses the word “defendant” in describing the options available to a party who had not been served with the applicable notice within the 120-day period. The language in the statute directs that the court is only empowered to dismiss the action “without prejudice as to that defendant.” (CPLR 306-b.) In addition, when CPLR 306-b is read in conjunction with CPLR 3211, it is apparent that the legal argument for lack of jurisdiction—which arises when a defendant has not been timely served with the necessary pleading—is exclusively an affirmative defense available solely to the defendant. The affirmative defense of lack of personal jurisdiction because of the failure to serve the initial complaint can only be properly raised by a defendant in either an answer or a pre-answer motion to dismiss. (CPLR 3211 [e]; Goldenberg v Westchester County Health Care Corp., 16 NY3d 323, 327 [2011].) In es *612 sence, the CPLR’s configuration of jurisdictional objections to court proceedings is based on a defendant’s right to object to lack of service of the complaint, and not a plaintiff’s right to contest jurisdiction in an action that the plaintiff commenced.
New York courts, when considering a defendant’s objection on the basis of personal jurisdiction, have carved out practical exceptions to rules regarding service. If a litigant, aware of some legal action even though never served, acts in a fashion that can be interpreted as participating in the litigation, then the defendant loses his right to challenge the court’s jurisdiction. (Rubino v City of New York, 145 AD2d 285, 288 [1st Dept 1989] [when a defendant participates in a lawsuit on the merits, he indicates his intention to submit to the court’s jurisdiction over the action and by appearing “informally” in this manner, he confers in personam jurisdiction on the court]; Taveras v City of New York, 108 AD3d 614, 617 [2d Dept 2013] [the defendants’ attorney agreed to appear for certain defendants who were never served but attended depositions; defendants’ “participation in this action and their counsel’s statements confirming that he was appearing on their behalf subsequent to the substitution constituted an informal appearance on their behalf and a waiver of any objection to personal jurisdiction”].) In Taveras v City of New York, the Second Department added that even without a formal “appearance,” a defendant may nevertheless appear in an action if his or her counsel communicates a clear intent to participate. (Id. at 617; see also Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627 [2d Dept 2014] [a defendant may waive the issue of lack of personal jurisdiction by appearing in an action, either formally or informally, without raising the defense of lack of personal jurisdiction in an answer or pre-answer motion to dismiss].) As one court noted:
“Initially, Columbia claims that it is not subject to the jurisdiction of this court as it was never served with the answer and cross claims of Scott. The fact that Columbia was not served is undisputed by Scott. However, Scott asserts that Columbia has voluntarily submitted itself to the jurisdiction of the court by fully participating in the litigation for a two and one half year period and by failing to formally raise its jurisdictional defense until the instant motion was submitted. The court agrees.” (U.S. Bank, N.A. v Israeli, 2012 NY Slip Op 30660[U], *3 [Sup Ct, Suffolk County 2012]; accord *613 Matter of Sessa v Board of Assessors of Town of N. Elba, 46 AD3d 1163 [3d Dept 2007] [a party can also appear informally by substantially participating in the litigation]; Khanna v Hartford, 2015 NY Slip Op 32015[U] [Sup Ct, NY County 2015].)
This practical approach to securing jurisdiction—or concluding that participation in litigation waives any jurisdictional defects in service of process—is long-standing. (McClure Newspaper Syndicate v Times Print. Co. of Seattle, 164 App Div 108, 109 [1st Dept 1914] [a voluntary general appearance by a defendant in an action, for any purpose, is equivalent to personal service of the summons upon him].) The question of when one becomes an actor participating in the merits “is one largely of degree and the application of the rule must necessarily depend upon the facts.” (Henderson v Henderson, 247 NY 428, 432 [1928]; Verdone v Verdone, 20 Misc 2d 970 [Sup Ct, Suffolk County 1959]; Spota v White, 53 Misc 3d 1210[A], 2016 NY Slip Op 51572[U] [Sup Ct, Suffolk County 2016] [whether the defendant has informally appeared and submitted to the jurisdiction of the court is largely a matter of degree and necessarily depends upon the facts and the court will most often find that a defendant has made an informal appearance when the defendant has taken steps to defend the action on the merits].) The court acknowledges that not all actions by a defendant constitute a waiver of the defense of a failure to be properly served. Limited informal contacts with plaintiff by an attorney on behalf of defendant in an effort to settle a matter out of court does not constitute appearance so as to waive defective service. (R. L. C. Invs. v Zabski, 109 AD2d 1053 [4th Dept 1985].) The fact that a defendant sent two letters to plaintiffs attorney requesting an itemized statement of his account was insufficient to constitute informal appearance. (Agway, Inc.—Dansville Store v Curtis, 195 AD2d 1077 [4th Dept 1993].)
This digression into the “waiver of jurisdictional defenses by participation in known litigation” cases drives an important conclusion: if, based on the procedural history of this matter, the defendant could not dismiss the 2011 action for failure to serve the original pleading, then it seems inconceivable that this court would allow the plaintiff to dismiss the same action. The husband, after becoming aware of the divorce, engaged in negotiations, presumably with the wife’s counsel. He began paying maintenance and child support, both of which are obligations imposed on him under the Domestic Relations Law. *614 In this court’s view, these actions as a defendant in a matrimonial action are not mere minor incidents of the litigation process. These payments, made over a period of years and pursuant to what can easily be characterized as an “informal agreement” with his wife and apparently approved (if not suggested) by her counsel, easily qualify as “substantial participation” or “full participation” or “a clear intention to participate” in the substance of the marital litigation. Based on these facts, this court would reject any application by the husband, as a defendant, to claim that the failure to serve the summons or subsequent complaint provided a basis for dismissal of the 2011 action. If this court concludes that the husband does not have a valid jurisdictional defense more than five years after commencement of the wife’s action, this court cannot grant his wife a dismissal of that action based on the same premise.
The court also holds that the jurisdictional defense that the plaintiff seeks to assert to her advantage is not held by the plaintiff. The defense rests solely with the defendant, who is the designated beneficiary of any dismissal under CPLR 306-b. He alone has the option to dismiss the complaint under the affirmative defense set forth in CPLR 3211 (a) (8). Therefore, the plaintiff has no standing to raise the jurisdictional defect under the statute. Finally, the plaintiff wife received benefits under the 2011 action in the form of agreed maintenance and child support payments and, if that action is dismissed, the court would permit the wife to profit from her own failure to follow the rules. Fundamental fairness and equity dictate that the court should not condone that result. Under these circumstances, she is estopped from asserting a jurisdictional defect in her own action.
New York courts favor adjudications on the merits. (Lori v Malstrom, 13 AD3d 243 [1st Dept 2004]; Metro Realty Servs., LLC v Old Country RealtyCorp., 2008 NY Slip Op 31888 [U] [Sup Ct, Nassau County 2008] [public policy strongly favors adjudication of matters on the merits].) Allowing a plaintiff to dismiss her own matrimonial action, years after its commencement, when the husband has substantially participated in it and when she alone would gain by its dismissal, runs counter to that judicial aspiration. Her motion to dismiss is denied.