Mussenden v Rapid Processing, LLC (2019 NY Slip Op 00289)





Mussenden v Rapid Processing, LLC


2019 NY Slip Op 00289


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-01541
 (Index No. 505663/14)

[*1]David Mussenden, appellant, 
v
Rapid Processing, LLC, respondent, et al., defendant.


Weitzman Law Offices, LLC, New York, NY (Raphael Weitzman of counsel), for appellant.
Kowalski & DeVito (McGaw, Alventosa & Zajac, Jericho, NY [Andrew Zajac], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carl L. Landicino, J.), dated January 4, 2017. The order, insofar as appealed from, denied that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b to extend his time to serve the summons and complaint and granted the motion of the defendant Rapid Processing, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 19, 2014, the plaintiff filed a summons and complaint against the defendants, Rapid Processing, LLC (hereinafter Rapid), and Signature Distributor, LLC (hereinafter Signature), alleging that he was injured on September 21, 2011, during the course of his employment with Signature , when a tractor trailer he was driving flipped over after 28 bales of waste were loaded into it by employees of Rapid. On March 10, 2016, more than 120 days and nearly two years after the filing (see CPLR 306-b), the plaintiff effectuated service on Rapid via the Secretary of State.
In May 2016, Rapid moved to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction and CPLR 3211(a)(5) on the ground that the three-year statute of limitations had expired. The plaintiff then cross-moved, inter alia, pursuant to CPLR 306-b to extend his time to serve the summons and complaint. The Supreme Court granted Rapid's motion and denied that branch of the plaintiff's cross motion which was for an extension of time to serve. The plaintiff appeals.
We agree with the Supreme Court's determination denying that branch of the plaintiff's cross motion which was for leave to extend the time to serve the summons and complaint and granting Rapid's motion to dismiss the complaint. The plaintiff failed to demonstrate good cause for an extension of time (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105). The plaintiff also did not demonstrate that an extension was warranted in the interest of justice (see Hourie v North Shore-Long Is. Jewish Health Sys. Inc.-Lenox Hill Hosp., 150 AD3d 707, 709; Komanicky v Contractor, 146 AD3d 1042, 1043-1044). Since the plaintiff's attempt to serve Rapid [*2]was untimely by almost two years, Rapid's motion to dismiss the complaint was properly granted.
Contrary to Rapid's contention, the expiration of the statute of limitations was not a basis for dismissing the complaint, as the present action was timely commenced.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court