■ Marc Della Villa et al., Appellants, v Barbara Kwiatkowski et al., Respondents. [740 NYS2d 533] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Reilly, Jr., J.), entered March 13, 2001 in Schenectady County, which granted defendants' motions to dismiss the complaint, and (2) from an order of said court, entered October 2, 2001 in Schenectady County, which, inter alia, denied plaintiffs' motion for reconsideration.

In this action, plaintiffs claim that they were the subject of defamatory comments made by defendants at a series of town board meetings in April, May and June 1999. The action was commenced by the filing of a summons with notice with the Schenectady County Clerk on March 22, 2000, the eve of the expiration of the statute of limitations. This pleading named only defendants Barbara Kwiatkowski and John Kwiatkowski, members of the public who had uttered the alleged slanderous remarks at these meetings. An amended summons with notice was filed on March 28, 2000 adding as a party defendant Carolina M. Lazzari, a board member who had also allegedly defamed plaintiffs at the meetings. Neither of these pleadings was ever served on any defendant. Instead, on the eve of the expiration of the 120-day period within which service of the summonses with notice should have been effected (*see*, CPLR 306-b), defendants were each served with a different summons and complaint, neither of which had been previously filed with the Clerk of the Court.

Defendants filed preanswer motions to dismiss the action claiming, inter alia, that the pleadings actually served on them were not filed until July 20, 2000, more than one year after the alleged cause of action accrued, and thus it was barred by the applicable statute of limitations (*see*, CPLR 215 [3]). As to the summonses with notice filed in March 2000, defendants argued that neither pleading had ever been served on any defendant and that the 120-day period within which to effect such service

had expired. Without explaining their failure to serve the filed summonses or explaining their service of pleadings which had not been filed, plaintiffs opposed the motions to dismiss via an attorney affirmation, in which they also sought court permission to extend the time to effect service "upon good cause shown or in the interest of justice" (CPLR 306-b). No cross motion was made. Supreme Court granted defendants' motions to dismiss finding that service of the summons and complaint before filing was a nullity, citing *Mandel v Waltco Truck Equip. Co.* (243 AD2d 542, *lv denied* 91 NY2d 809). The court also denied plaintiffs' request to extend the time for service of the filed summonses because of the absence of a formal motion seeking such relief. Plaintiffs' subsequent motion for reconsideration and for an extension of time in which to serve the summons with notice and the amended summons was also denied by Supreme Court on the ground that no "good cause" had been shown for the failure to effect proper service. It also declined to exercise its "interest of justice" jurisdiction on the basis that plaintiffs had failed to make any showing of a meritorious cause of action. Plaintiffs appeal from both orders.

Since the decision whether to grant an extension of time to effect service under CPLR 306-b "is a matter within the court's discretion" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 101), and since "the court may consider diligence [in effecting service], or lack thereof, along with any other relevant factor in making its determination, including * * * the meritorious nature of the cause of action" (*id.* at 105), we are unable to conclude that Supreme Court abused its discretion under the circumstances of this case (*see, e.g., Carbonaro v Maimonides Med. Ctr.*, 289 AD2d 437). Indeed, the facts here are closely analogous to those in *Hafkin v North Shore Univ. Hosp.* (279 AD2d 86, *affd sub nom. Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95) in which a similar application for an extension of time to effect service of a timely-filed pleading was denied. The cases would be almost identical but for the fact that, in the case at bar, we are presented with the additional infirmity of the second untimely pleading never having been properly filed before service.

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, with one bill of costs.