[889 NYS2d 831]

Ruth Schroeder, Plaintiff, v Good Samaritan Hospital et al., Defendants.

Supreme Court, Rockland County, October 16, 2009

**APPEARANCES OF COUNSEL**

*Pilkington & Leggett, P.C.,* for Andrew Schechter, M.D., and another, defendants. *O'Connor McGuinness Conte Doyle & Oleson,* for Good Samaritan Hospital, defendant. *Schiavetti Corgan DiEdwards & Nicholson, LLP,* for Nyack Hospital, defendant. *Westermann Sheehy Keenan Samaan & Aydelott LLP,* for Wagdi Ibrahim, M.D., defendant. *Vouté Lohrfink Magro & Collins, LLP,* for John Bauman, M.D., defendant. *Stockschlaeder McDonald & Sules, P.C.,* for plaintiff.

**OPINION OF THE COURT**

Alfred J. Weiner, J.

Motion by defendants Andrew Schechter, M.D. and Lewis Bobroff, M.D. pursuant to CPLR 3211 (a) (8) and (a) (5) for an order dismissing the action as against them; by defendant Good Samaritan Hospital also pursuant to CPLR 3211 (a) (8) and (a) (5) also for an order dismissing the action as against it; by defendant Jonathan Bauman, M.D. (sued herein as John Bauman, M.D.) pursuant to CPLR 3211 (a) (5) and (a) (8) for an order dismissing plaintiff's complaint and by a separate motion for an order pursuant to CPLR 3126 for an order striking plaintiff's complaint for failure to respond to his demand for a bill of particulars; and cross motion by defendants Karen Portale, M.D., Stephen Sokaris, M.D., Rockland Emergency, P.C. and Wagdi Ibrahim, M.D. pursuant to CPLR 3126 for an order striking plaintiff's complaint for failure to respond to their demand for a bill of particulars.

It is ordered that these applications are disposed of as follows:

Defendants Andrew Schechter, M.D. and Lewis Bobroff, M.D. have moved for an order dismissing the action as against them. A separate motion by defendant Good Samaritan Hospital was also made seeking the same relief. Although the two motions are distinct, the court will combine them for the purposes of this decision since the arguments of the parties arise from common facts and the issues of law are the same.

The underlying action alleges that plaintiff sustained personal injuries as a result of the malpractice of the defendants. The $2^1/_2$-year statute of limitations expired on August 11, 2008 and, on that same date, plaintiff filed a summons and complaint with the clerk of the court. On September 30, 2008, prior to service of the filed summons and complaint, plaintiff filed an *amended* summons and complaint. It was that *amended* summons and complaint that was later served upon the moving defendants.

The moving defendants contend that the court lacks personal jurisdiction over them since they were never served with the *originally* filed summons and complaint. They submit that the summons and complaint that was actually served upon them is jurisdictionally defective, as untimely, since it was filed after the statute of limitations had run. In support of their contentions they cite, among other reasons, CPLR 306-b, which requires that service of the summons and complaint (or summons with notice, etc.) be made within 120 days after filing, and since the originally filed summons and complaint were never served, jurisdiction was not obtained within the statute of limitations period.

Plaintiff opposes the motions contending that the filed summons and complaint were amended as of right prior to service and that since the amended pleadings properly replaced the original and timely filed pleadings, the amended summons and complaint should, therefore, also be deemed to be timely filed and served. In support of her contentions, plaintiff cites, among other reasons, CPLR 3025, which sets forth the mechanism for the amendment of a pleading. Plaintiff argues, that by statute, she was authorized to amend her pleading once without leave of court. This is popularly known as amendment "as of course" and it must be, and was, according to plaintiff, exercised within one of the time periods set forth in CPLR 3025 (a).

The issue this court is called upon to decide is whether plaintiff's service of the later filed summons and complaint rather than the originally filed summons and complaint amounts to a jurisdictional defect.

The court does not agree with plaintiff's contention that she was statutorily authorized to amend her pleading "as of course." It is clear from the plain language of CPLR 3025 (a), that the prerequisite to the amendment of a pleading "as of course," is the service of that pleading. Since plaintiff never first served the pleading her entitlement to amend did not arise.

Whether noncompliance with a particular statutory requirement amounts to a jurisdictional defect is not, so far as this court can determine, subject to a particular rule embodying a limiting principle. In fact, the Court of Appeals has stated that "[n]o rule or measure has ever been devised by which we may determine in every case, with definite certainty, whether a defect is jurisdictional or is a mere irregularity which may be disregarded or amended." (*Valz v Sheepshead Bay Bungalow Corp.*, 249 NY 122, 134 [1928].) In determining whether a

departure from a particular statutory requirement amounts to a jurisdictional defect, the courts look to the purposes of the statutory requirement and to whether such purposes have been substantially satisfied to determine the jurisdictional issue.

In *Matter of Gershel v Porr* (89 NY2d 327, 332 [1996]), the Court of Appeals took a strict construction view of the filing system's requirements and stated that "basic to this statutory procedure is the rule that the papers served must conform in all important respects to the papers filed (*see*, Siegel's Prac Rev No. 19, at 2 [May 1994])." In *Gershel* the Court found jurisdiction lacking when a petitioner instituted an article 78 proceeding by filing an order to show cause and verified petition, withdrew the same and changed the papers to a notice of petition and petition and served those papers without securing a new index number. The Court stated that "the papers served must conform in all important respects to the papers filed" (*id.* at 332). Given the foregoing, strict compliance with CPLR 304 and the filing system is mandatory and noncompliance, so long as an objection is timely raised by an appearing party, may have the extremely serious result of outright dismissal of the proceeding. (*Matter of Fry v Village of Tarrytown*, 89 NY2d 714 [1997].)

In this instance, the served papers differed from the initially filed papers to the extent that several defendants were dropped from the case. The served summons and complaint also differed in that they were filed on a date that is after the statute of limitations has run. Consequently, the court finds that although the served papers were functionally the same as the originally filed summons and complaint as to the moving defendants, the later filed papers did not conform in all important respects to the originally filed papers since the later papers were not timely filed while the originally filed papers were. Therefore, this action is clearly subject to dismissal and the court further finds that the moving defendants raised their objections in a timely manner. (*Della Villa v Kwiatkowski*, 293 AD2d 886 [3d Dept 2002].) Accordingly, defendants' motion is granted.

As with the motions by defendants Schechter, Bobroff, and Good Samaritan Hospital, defendant Jonathan Bauman, M.D. also seeks an order pursuant to CPLR 3211 (a) (5) for the dismissal of plaintiff's complaint contending that the $2^{1}/_{2}$-year period of limitations expired prior to the "valid" commencement of this action. The motion is unopposed. Accordingly, and for the same reasons hereinbefore set forth, defendant Bauman's motion is also granted.

The motion by defendant Jonathan Bauman, M.D. for an order pursuant to CPLR 3126 striking plaintiff's complaint for failure to respond to his demand for a bill of particulars is denied as moot.

The cross motion by defendants Karen Portale, M.D., Stephen Sokaris, M.D., Rockland Emergency, P.C. and Wagdi Ibrahim, M.D. pursuant to CPLR 3126 for an order striking plaintiff's complaint for failure to respond to their demand for a bill of particulars is denied.

All other requests for relief that have not been specifically addressed in this decision are denied.