■ In the Matter of JOEL MEYERS, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Appellants. [892 NYS2d 587]—

Lahtinen, J.

Petitioner seeks succession rights to a Mitchell-Lama apartment located in Manhattan in which his father resided from 1992 until his death in 1995 (*see Matter of Schorr v New York City Dept. of Hous. Preserv. & Dev.*, 10 NY3d 776, 777 n 1, 778 [2008] [briefly describing the Mitchell-Lama Law]). Respondent Division of Housing and Community Renewal (hereinafter DHCR) has interpreted its regulation (*see* 9 NYCRR 1727-8.3 [a]) as essentially setting forth the following three requirements for a person seeking succession rights: (1) the person must be a member of the vacating tenant's family; (2) the person must have resided with the tenant as a primary residence for the shorter of two years (one year for a senior citizen or disabled person) or from the inception of the tenancy or commencement of the relationship; and (3) the person must have been listed on a notice of change to the tenant's family and/or on the tenant's income affidavit during the applicable one or two-year period. The failure of a tenant to provide written notice of a new occupant is not fatal when such person is listed in subsequent annual affidavits.

Petitioner, who asserts he is disabled, was not included as a new occupant by his father and was not listed on his father's income affidavits during the time his father resided in the apartment. Petitioner's application for succession rights was thus refused. That determination was upheld on administrative appeal in a decision that also noted a number of discrepancies in petitioner's documentation. He then commenced this CPLR

article 78 proceeding arguing, among other things, that DHCR's action and its interpretation of the regulation was arbitrary. Supreme Court found that the language of the pertinent regulation unambiguously established that, as to a disabled person, such person need only show, first, that the person was a member of the tenant's family and, second, that the person had been disabled for at least a year before the tenant's death. Based upon this interpretation of the regulation, Supreme Court granted the petition. Respondents appeal.

In a recent case involving a DHCR determination, the Court of Appeals reiterated the applicable rational basis standard for judicial review of administrative agency action, noted that if a rational basis exists then the reviewing court "must sustain the determination even if [it] concludes that it would have reached a different result than the one reached by the agency," and acknowledged that "courts must defer to an administrative agency's rational interpretation of its own regulations in its area of expertise" (*Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]). The pertinent portion of the relevant regulation provides: "if the tenant has permanently vacated the housing accommodation, any member of such tenant's family, as defined in section 1727-8.2 (a) (2) of this Subpart, who has resided with the tenant in the housing accommodation as a primary residence for a period of not less than two years, has been listed on the income affidavit and/or on the Notice of Change to Tenant's Family as required under section 1727-3.6 of this Part, or where such person is a *senior citizen* or a *disabled person* as defined in section 1727-8.2 (a) (3) and (4) of this Subpart, respectively, for a period of not less than one year, immediately prior to the permanent vacating of the housing accommodation by the tenant, or from the inception of the tenancy or commencement of the relationship, if for less than such periods, may request to be named as a tenant on the lease" (9 NYCRR 1727-8.3 [a]).

This regulation is not a model of clarity. While the interpretation of the regulation urged by petitioner and used by Supreme Court is perhaps feasible, we are unpersuaded that the long-standing interpretation ascribed to the regulation by DHCR lacks rationality. The convoluted language can be read consistent with DHCR's construction of the regulation. DHCR's interpretation is not at odds with earlier cases (*see e.g. Rent Stabilization Assn. of N.Y. City v Higgins*, 83 NY2d 156, 167, 171 [1993] [noting in parenthesis that the co-residency requirement of two years is shortened to one year in the cases of the elderly or disabled]; *Matter of Greichel v New York State Div. of Hous. & Community Renewal*, 39 AD3d 421, 422 [2007] [no

right to succession where not listed on income affidavits of tenant]). When DHCR's interpretation is read in context and in conjunction with the other relevant regulations (*see e.g.* 9 NYCRR 1727-8.2, 1727-8.3, 1727-8.4), its interpretation is rational (*see Matter of Pletcher v New York State Racing & Wagering Bd.*, 35 AD3d 920, 921-922 [2006], *lv denied* 9 NY3d 802 [2007]). Moreover, as described by respondents at some length, the established interpretation of succession rights strikes a balance among various competing policies, including the interests of those on the long waiting lists for housing as well as those family members who have actually lived with a tenant and whose income was properly reported during such time so as to arrive at a fairly allotted rent.

Petitioner's further arguments, including his contention that DHCR's determination was not supported by substantial evidence, have been considered and found unavailing.

Cardona, P.J., Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.