■ In the Matter of JAMES A. RICHARDS, Appellant, v OFFICE OF THE NEW YORK STATE COMPTROLLER et al., Respondents. [930 NYS2d 501]—

Garry, J. 

Petitioner, a firefighter, was injured in a work-related incident on January 2, 2002. Petitioner first reported the incident to his employer on February 22, 2002. In January 2005, petitioner filed an application for performance of duty disability retirement benefits relating to the January 2002 incident. Finding that petitioner failed to provide notice of the incident in accordance with Retirement and Social Security Law § 363-c, the Comptroller denied the application. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking review of the Comptroller's determination. Respondents moved to dismiss the petition based upon petitioner's failure to timely serve them, and petitioner cross-moved pursuant to CPLR 306-b for an extension of time to serve. Supreme Court granted respondents' motion and dismissed the petition. Petitioner now appeals.

CPLR 306-b provides that, where proper service has not been made, a court may extend the time for service in the interest of justice (*see* CPLR 306-b; *Dujany v Gould*, 63 AD3d 1496, 1497 [2009]). Whether to grant an extension of the time to serve rests within the sound discretion of the trial court and, absent an abuse of that discretion, we will not disturb the court's decision (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 101 [2001]; *Della Villa v Kwiatkowski*, 293 AD2d 886, 887 [2002]). Supreme Court undertook a "careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d at 105) and dismissed the petition after finding that petitioner failed to demonstrate that his claims are meritorious, or that he was diligent in his efforts to serve respondents or to promptly request an extension to do so (*see Dujany v Gould*, 63 AD3d at 1498). The underlying issue involves the Comptroller's interpretation of a regulation (*see Matter of Meyers v New York State Div. of Hous. & Community Renewal*, 68 AD3d 1518, 1519 [2009], *lv denied* 14 NY3d 714 [2010]; *Matter of Skyline Specialty v Gargano*, 294 AD2d 742, 743 [2002]), and we find no abuse of discretion by Supreme Court (*see Maiuri v Pearlstein*, 53 AD3d 816, 816-817 [2008]; *Della Villa v Kwiatkowski*, 293 AD2d at 887).

Peters, J.P., Spain, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs. **[Prior Case History: 2010 NY Slip Op 33190(U).]**