■ In the Matter of GHISLAINE AUGUSTE, Petitioner, v MATTHEW M. WAMBUA et al., Respondents. [968 NYS2d 478]—

Determination of the New York City Department of Housing Preservation and Development respondents (HPD), dated September 7, 2011, which, after a hearing, granted landlord respondent Tower West Associates, LP a certificate of eviction to evict petitioner from her rent-subsidized apartment, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [Joan B. Lobis, J.], entered January 26, 2012), dismissed, without costs.

Petitioner admittedly submitted false information to respondents, denying that her daughter was employed in 2008, 2009 and 2010, which was utilized to determine her annual rent and subsidy. As a result, after a hearing at which petitioner was represented by counsel and where she presented evidence, HPD determined that eviction was warranted. Petitioner contends that given her long-term tenancy, age, health and alleged lack of fluency in English, this penalty is so disproportionate to the of-

fense as to shock the conscience (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]).

The hearing officer properly determined that petitioner's testimony, that she was unaware that her daughter, who lived with her, was employed in 2008, 2009 and 2010 because she, petitioner, was ill from July 2007 to July 2008, was not credible and rejected her explanation for submitting falsified letters attesting to her daughter's status as a student. Given the limited public housing available and waiting lists of other families in need of homes, and petitioner's repeated disregard for HPD's rules, termination of her tenancy is not disproportionate to her misconduct (*see Matter of Perez v Rhea*, 20 NY3d 399, 405 [2013]). Concur—Gonzalez, P.J., Renwick, DeGrasse, Manzanet-Daniels and Feinman, JJ.