██ MONICA PIERCE, Respondent, v VILLAGE OF HORSEHEADS POLICE DEPARTMENT et al., Defendants, and COUNTY OF CHEMUNG et al., Appellants. [970 NYS2d 95]—

McCarthy, J. Appeal from an order of the Supreme Court (O'Shea, J.), entered January 13, 2012 in Chemung County, which, among other things, denied a motion by defendants County of Chemung and Maggie Campanelli to dismiss the complaint against them.

Defendant Maggie Campanelli,[1] who was a caseworker for the Chemung County Department of Social Services, accompanied police officers who entered plaintiff's home, conducted a search, discovered marihuana and arrested plaintiff. After the criminal charge against plaintiff was dismissed, she commenced this action against Campanelli, defendant Village of Horseheads Police Department and four of its officers, alleging a violation of plaintiff's 4th Amendment rights, pursuant to 42 USC § 1983, and her state constitutional rights. A month later, plaintiff filed an amended summons and complaint that additionally named defendant County of Chemung. Campanelli and the County (hereinafter collectively referred to as defendants) moved to dismiss the complaint against them for lack of personal jurisdiction (see CPLR 3211 [a] [8]). Plaintiff opposed the motion, contending that defendants were properly served, but alternatively cross-moved for an extension of time to effect service (see CPLR 306-b) and to permit service on Campanelli via publica-

---

1. It appears that plaintiff misidentified this defendant, and that her real name is Maggie Campanella.

tion (see CPLR 315) or as otherwise directed by the court (see CPLR 308 [5]). Supreme Court denied the motion to dismiss and, although indicating that an extension of time for service was warranted, deemed the attempted service adequate to confer jurisdiction, rendering the cross motion academic. Defendants appeal.

Plaintiff failed to serve process on defendants in accordance with the CPLR.[2] Because service of process is necessary to obtain personal jurisdiction over defendants, courts require strict compliance with the statutory methods of service. "[W]hen the requirements for service of process have not been met, it is irrelevant that [the] defendant may have actually received the documents, because notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court" (Clarke v Smith, 98 AD3d 756, 756 [2012] [internal quotation marks and citations omitted]; see Raschel v Rish, 69 NY2d 694, 697 [1986]; Macchia v Russo, 67 NY2d 592, 595 [1986]; U.S. Bank Natl. Assn. v Vanvliet, 24 AD3d 906, 907 [2005]). Plaintiff's original summons and complaint did not include the County as a defendant; the County was named for the first time in the amended summons and complaint. Therefore, plaintiff's service of the original summons and complaint upon the part-time County Attorney was ineffective as to the County, as it was not yet a named party (see CPLR 305 [a] [requiring filing and service of supplemental summons on newly-joined party]).

Plaintiff also failed to properly effectuate service of the amended summons and complaint on the County. Personal service upon a county requires that the summons be personally delivered to "the chair or clerk of the board of supervisors, clerk, attorney or treasurer" (CPLR 311 [a] [4]). Plaintiff's delivery of the amended documents to a secretary at the private law office where the County Attorney was also a partner was ineffective because the statute requires personal delivery to a listed representative of the County and does not provide for substituted service (see Lakeside Concrete Corp. v Pine Hollow Bldg. Corp., 104 AD2d 551, 552 [1984], affd 65 NY2d 865 [1985]; see also Strong v Bi-Lo Wholesalers, 265 AD2d 745, 745 [1999]; compare CPLR 311 [a] with CPLR 308).

Service on the County Attorney was also ineffective as to Campanelli because it did not comply with any of the methods

2. Supreme Court did not directly state whether service on either defendant was statutorily proper but, by declaring that service of the amended summons and complaint was deemed effective to confer jurisdiction, the court implicitly found that service was not in accordance with the relevant statutes.

listed in CPLR 308 for personal service on a natural person. Similarly ineffective was plaintiff's service of the amended summons and complaint upon a clerk at the Department of Social Services office at a time when Campanelli had ceased working there; process was not served at her "actual place of business" as required by statute (CPLR 308 [2]; *see Balendran v North Shore Med. Group*, 251 AD2d 522, 523 [1998]; *Maloney v Braeside Apts. Co.*, 193 AD2d 1112, 1112 [1993]; *cf. Feinstein v Bergner*, 48 NY2d 234, 239-241 [1979]; *Wishni v Taylor*, 75 AD3d 747, 748-749 [2010]).

Contrary to plaintiff's arguments, CPLR 306-b does not obviate the need for proper service, but rather sets forth parameters for a court to grant an extension of time to effect service (*see* CPLR 306-b; *see also Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 104-105 [2001]). Additionally, the failure to effect service here cannot be corrected pursuant to CPLR 2001; that statute was enacted to permit correction of technical mistakes or infirmities, but was not intended to allow courts to create jurisdiction where it otherwise does not exist (*see Matter of Miller v Waters*, 51 AD3d 113, 117-118 [2008]; *cf. Goldenberg v Westchester County Health Care Corp.*, 16 NY3d 323, 327-328 [2011]; *compare Johns v Van Brunt Motors, Inc.*, 89 AD3d 1188, 1189-1190 [2011]). Indeed, the Court of Appeals has stated that "delivery of a summons and complaint to the wrong person is a substantial defect" that is not curable under CPLR 2001, rather than a technical error subject to being corrected or disregarded (*Ruffin v Lion Corp.*, 15 NY3d 578, 583 [2010] [citations omitted]). Hence, Supreme Court erred in declaring that the defective service was effective to confer jurisdiction over defendants and permitting the action to proceed against them without requiring proper service.

In view of the foregoing, we must address plaintiff's cross motion for an extension of time to effectuate proper service in order to confer personal jurisdiction over defendants.[3] On a motion to dismiss based on lack of proper service, the court may, "upon good cause shown or in the interest of justice, extend the time for service" (CPLR 306-b). Whether to grant such an extension rests within the trial court's discretion (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d at 101; *Matter of*

---

**3.** Contrary to defendants' arguments, plaintiff can properly raise the merits of her cross motion on appeal. Plaintiff was accorded the relief she requested, so she was not aggrieved and could not cross-appeal (*see* CPLR 5511). In any event, Supreme Court did not rely on the merits to deny her cross motion for an extension of time for service, but rather denied the cross motion as academic in light of the decision to accept the defective service as sufficient.

*Richards v Office of the N.Y. State Comptroller*, 88 AD3d 1049, 1050 [2011]). Plaintiff has not argued on appeal that she has shown good cause, rendering any argument on that basis abandoned. Upon addressing the interest of justice basis, courts must balance the competing interests and may consider any relevant factors including "diligence, or lack thereof, . . . expiration of the [s]tatute of [l]imitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant[s]" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d at 105-106).

Here, plaintiff's attempts at service, though in error, did not show a particular lack of diligence. Although the statute of limitations had expired by the time of defendants' motion and Supreme Court's decision, it had not expired when service was first attempted (*see Henneberry v Borstein*, 91 AD3d 493, 496 [2012]). Despite being aware of potential causes of action, plaintiff waited to commence this action until approximately 2³/₄ years had run of the three-year statute of limitations. Plaintiff also did not seek an extension of time for service until after defendants moved for dismissal.

Regarding prejudice, the County Attorney was aware of the action and has shown no prejudice due to the delay in service (*see Wishni v Taylor*, 75 AD3d at 749). On the other hand, although the County Attorney submitted an answer on Campanelli's behalf raising the affirmative defense of improper service, the record contains no information that she has personally been informed that she is named in this action.[4] In the cross motion, plaintiff sought, in the alternative, permission for service by publication due to her apparent inability to locate Campanelli. Under the circumstances, it is uncertain whether Campanelli would suffer any prejudice if late service is permitted.

The most significant factor here is whether the action is meritorious. Plaintiff's motion papers do not expand upon the allegations in the complaint and do not demonstrate any merit to any of her causes of action concerning defendants. As to the cause of action pursuant to 42 USC § 1983, plaintiff fails to allege that Campanelli was acting outside the scope of her employment as a child protective caseworker or that it was objectively unreasonable for her to believe that her actions in accompany-

---

4. The answers submitted by the County Attorney also state that the named person is fictional, presumably because the original complaint named Campanelli as "CPS Caseworker 'Jane Doe' (known as Campanelli)" and the amended complaint named her as "CPS Caseworker Maggie Campanelli," although it appears that her real name is Maggie Campanella.

ing police into a house where children might be subjected to inappropriate conduct was in violation of any protected rights; thus, she was entitled to immunity (*see Moore v Melesky*, 14 AD3d 757, 760-761 [2005]; *see also Colao v Mills*, 39 AD3d 1048, 1050 [2007]). That cause of action was not properly alleged against the County either. A municipality cannot be held liable under 42 USC § 1983 on the basis of respondeat superior, and plaintiff did not allege any policy, custom or knowing act by the County itself that led to the alleged constitutional deprivation (*see Ellison v City of New Rochelle*, 62 AD3d 830, 832-833 [2009]; *Payne v County of Sullivan*, 12 AD3d 807, 809 [2004]). Furthermore, because the record does not indicate that plaintiff timely filed a notice of claim and the complaint was not filed within one year and 90 days of the date the action accrued (*see* General Municipal Law §§ 50-e, 50-i; County Law § 52), it does not appear that plaintiff can prevail in her cause of action alleging a state constitutional tort against the County (*see Grasso v Schenectady County Pub. Lib.*, 30 AD3d 814, 816 [2006]). Any allegations regarding the state tort claim against Campanelli are too vague and mainly focus on the police defendants such that the cause of action against Campanelli cannot be deemed meritorious.

Considering all of the factors, but especially given the lack of merit of both causes of action against defendants, as well as the lack of notice and potential prejudice to Campanelli, an extension of time to effect service is not warranted in the interest of justice (*see Matter of Richards v Office of the N.Y. State Comptroller*, 88 AD3d at 1050; *Hine v Bambara*, 66 AD3d 1192, 1193 [2009]; *Maiuri v Pearlstein*, 53 AD3d 816, 817 [2008]; *Matter of Anonymous v New York State Off. of Children & Family Servs.*, 53 AD3d 810, 812 [2008], *lv denied* 11 NY3d 709 [2008]).[5] Accordingly, the cross motion should have been denied on the merits and defendants' motion should have been granted.

Lahtinen, J.P., Spain and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion by defendants County of Chemung and Maggie Campanelli to dismiss the complaint against them; motion granted; and, as so modified, affirmed.

---

**5.** We note that Supreme Court's decision did not address the meritorious nature of the action. The court also found—contrary to our determination and the information in the record—that both defendants had actual knowledge of the underlying claims asserted.