■ Joshua G. Stegemann, Appellant, v Rensselaer County Sheriff's Office et al., Respondents, et al., Defendants. [67 NYS3d 304]—

Rose, J. Appeals from six orders of the Supreme Court (McGrath, J.), entered July 10, 2015, September 25, 2015, September 29, 2015, December 29, 2015, December 30, 2015 and January 21, 2016 in Rensselaer County, which, among other things, denied plaintiff's motion to extend the time for service.

In 2013, plaintiff came to the attention of law enforcement in Berkshire County, Massachusetts, in connection with suspected drug trafficking across the Massachusetts and New York border. After law enforcement monitored plaintiff using aerial surveillance and wiretaps, various law enforcement officials

from New York and Massachusetts executed two search warrants for plaintiff's property located in the Town of Stephentown, Rensselaer County, and seized a large amount of contraband. As a result, plaintiff was indicted on federal drug trafficking and firearm offenses. During the federal prosecution, plaintiff unsuccessfully challenged the wiretaps, aerial surveillance and search warrants. Ultimately, plaintiff was convicted as charged and, in July 2016, he was sentenced to 30 years in federal prison.

Again challenging these same means of obtaining the evidence that gave rise to the federal prosecution and conviction, plaintiff commenced this action pro se, asserting violations of, among other things, the Fourth, Fifth and Fourteenth Amendments of the US Constitution, NY Constitution, article I, § 12, the Massachusetts Declaration of Rights and the federal, New York and Massachusetts wiretap statutes. Essentially, plaintiff alleges that defendants conducted illegal wiretaps and aerial surveillance, exceeded the scope of the search warrants and searched his property in a destructive manner, all in violation of his federal and state constitutional rights. In addition to this action, plaintiff has also commenced two other civil actions—one in the United States District Court for the Northern District of New York and the second in the Court of Claims—based upon the same series of events and in which he has lodged virtually identical allegations.

When plaintiff filed his complaint in this action, he attempted to serve defendants by mail, but did not, among other things, include all of the necessary materials (*see* CPLR 312-a [a]). After defendants failed to return the acknowledgments of receipt, plaintiff moved for service of defendants at their own expense and for an extension of time to complete service (*see* CPLR 306-b). Defendants, with the exception of defendant Sub-Surface Information Surveys, Inc., then moved, pre-answer, to dismiss the complaint for, as relevant here, lack of personal jurisdiction based upon plaintiff's failure to properly effectuate service. In six separate orders, Supreme Court, among other things, denied plaintiff's motion for an extension of time, granted defendants' respective motions and dismissed the complaint. Plaintiff now appeals, and we affirm.

Plaintiff does not dispute that he failed to properly effectuate service by mail within the prescribed time period and, thus,

that personal jurisdiction was not obtained over defendants.[1] Instead, plaintiff contends that Supreme Court should have granted his motion for an extension of time to complete service. In his brief, however, plaintiff does not challenge Supreme Court's denial of his motion with respect to his claims predicated upon violations of the Fifth and Fourteenth Amendments of the US Constitution, the Massachusetts Declaration of Rights, and the federal wiretap statute. Accordingly, he has abandoned any challenge with respect to those claims (*see generally London v North*, 152 AD3d 884, 884 n 1 [2017]; *Gallagher v Cayuga Med. Ctr.*, 151 AD3d 1349, 1351 n 1 [2017]). As to his remaining claims, "CPLR 306-b provides that, where proper service has not been made on a defendant, a court may extend time for service upon good cause shown or in the interest of justice" (*Deep v Boies*, 121 AD3d 1316, 1323 [2014], *lv denied* 25 NY3d 903 [2015]; *see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 101 [2001]; *Pierce v Village of Horseheads Police Dept.*, 107 AD3d 1354, 1356 [2013]). It is well settled that "[w]hether to grant such an extension rests within the trial court's discretion" (*Pierce v Village of Horseheads Police Dept.*, 107 AD3d at 1356-1357; *see Leader v Maroney, Ponzini & Spencer*, 97 NY2d at 101; *Della Villa v Kwiatkowski*, 293 AD2d 886, 887 [2002]).

First, Supreme Court correctly rejected plaintiff's bare assertion that his pro se and incarcerated status constitutes good cause to extend his time to effectuate service (*cf. Matter of Brown v Fischer*, 145 AD3d 1212, 1213 [2016]; *Brown v Midrox Ins. Co.*, 108 AD3d 921, 923 [2013]). Plaintiff has made no effort to demonstrate how his imprisonment prevented his compliance with statutory service requirements. Moreover, we note that he has commenced two other very similar civil actions and engaged in extensive motion practice in this case and the other two actions, despite his incarceration and pro se status.

Turning next to the interest of justice standard, Supreme Court was required to conduct a " 'careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties' " (*Matter of Richards v Office of the N.Y. State Comptroller*, 88 AD3d 1049, 1050 [2011], quoting *Leader v Maroney, Ponzini & Spencer*, 97 NY2d at 105). Although a court may consider many factors in making its determination (*see Leader v Maroney, Ponzini & Spencer*, 97

---

1. To the extent that plaintiff contends, for the first time on appeal, that he effectuated service pursuant to CPLR 308 (5), we find that the record is devoid of any evidence supporting his contention.

NY2d at 105-106; *Heath v Normile*, 131 AD3d 754, 756 [2015]; *Hine v Bambara*, 66 AD3d 1192, 1193 [2009]), here, plaintiff's argument focuses exclusively on the meritorious nature of his claims, and he presents no argument regarding any other relevant factors. Upon our review of the complaint and plaintiff's motion papers, we agree with Supreme Court's conclusion that plaintiff has not shown that his claims are meritorious.

To the extent that plaintiff raises an argument regarding his Fourth Amendment claim predicated upon an allegedly unlawful search and arrest, we find that success on this claim "would necessarily imply the invalidity" of plaintiff's federal conviction and, thus, it is barred by *Heck v Humphrey* (512 US 477, 486-487 [1994]). Turning to plaintiff's claims based upon violations of the NY Constitution, he contends that *Heck* does not bar these claims because article I, § 12 of the NY Constitution provides broader protection than the US Constitution and, therefore, success on these claims would not imply the invalidity of his federal conviction. Although plaintiff's general statement that the courts of this state have construed provisions of the NY Constitution to provide greater protection than their federal counterparts is correct (*see generally People v Pavone*, 26 NY3d 629, 639 [2015]; *People v Weaver*, 12 NY3d 433, 445 [2009]), he fails to explain how defendants have violated his rights under NY Constitution, article I, § 12 without also violating his rights under the US Constitution. In short, plaintiff has provided us with no basis upon which to conclude that if he were to succeed on his state constitutional claims, such success would not also "imply the invalidity" of his federal conviction (*Heck v Humphrey*, 512 US at 486-487; *see also Azor v City of N.Y.*, 2012 WL 1117256, *3, 2012 US Dist LEXIS 47067, *10-11 [ED NY, Mar. 30, 2012, No. 08-CV-04473 (RJD) (LB)]; *Smith v Fields*, 1998 WL 709815, *4, 1998 US Dist LEXIS 15910, *11-12 [SD NY, Oct. 9, 1998, No. 95-CIV-8374 (DAB)]). Moreover, in our view, because *Heck* precludes plaintiff's Fourth Amendment claim, it would also "frustrate the purposes of judicial economy, as well as the intent of *Heck*, to allow [plaintiff's] state claims based on the exact same allegations to proceed" (*Clayton v City of Poughkeepsie*, 2007 WL 2154196, *5, 2007 US Dist LEXIS 55082, *14 [SD NY, June 21, 2007, No. 06-CIV-4881 (SCR)]).

Plaintiff's property damage claim, on the other hand, is not barred by *Heck* because "[e]xcessive or unnecessary destruction of property in the course of a search may violate the Fourth Amendment [or the analogous state constitution provision], even though the entry itself is lawful and the fruits of the

search are not subject to suppression" (*United States v Ramirez*, 523 US 65, 71 [1998]; *see generally Heck v Humphrey*, 512 US at 487 n 7). Nevertheless, upon our review of the record, we must agree with Supreme Court that plaintiff has failed to show that defendants exceeded the scope of the search warrants, one of which authorized the excavation of his property.

Finally, as to plaintiff's claims predicated upon the New York and Massachusetts wiretap statutes, he contends that his cellular communications were unlawfully intercepted inasmuch as the wiretap warrants were issued by a Massachusetts court, but the interceptions occurred in New York. However, we find that this argument is also meritless given that the actual interceptions—that is, where the contents were first overheard—occurred in Massachusetts (*see generally People v Perez*, 18 Misc 3d 582, 589-593 [Sup Ct, Bronx County 2007]; *People v Delacruz*, 156 Misc 2d 284, 287-288 [Sup Ct, Bronx County 1992]; *cf. United States v Ramirez*, 112 F3d 849, 852 [7th Cir 1997], *cert denied* 522 US 892 [1997]; *United States v Rodriguez*, 968 F2d 130, 136 [2d Cir 1992]). Plaintiff's remaining contentions regarding the merit of his claims have been reviewed and found to be similarly unavailing.

Given that plaintiff has failed to establish the meritorious nature of any of his claims, and that this is the only factor that he argues, we find that an extension of time to effectuate service is not warranted in the interest of justice.[2] Accordingly, Supreme Court providently exercised its discretion by denying plaintiff's motion (*see Komanicky v Contractor*, 146 AD3d 1042, 1044 [2017]; *Matter of Richards v Office of the N.Y. State Comptroller*, 88 AD3d at 1050; *Maiuri v Pearlstein*, 53 AD3d 816, 816-817 [2008]), and defendants' motions to dismiss the complaint were properly granted.

Peters, P.J., Garry, Aarons and Rumsey, JJ., concur. Ordered that the orders are affirmed, without costs.

---

2. In his brief, plaintiff puts forth a breach of contract claim against defendant Cellco Partnership, doing business as Verizon Wireless. We decline to address this claim, however, given that it does not appear in the complaint.